# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ODELL HUGHES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    Case No: 3:12-cv-388 |
| | ) |
| SOUTHERNCARE, INC., | ) |
| | ) |
|     Defendant. | ) |

## OPINION and ORDER

Before the Court is a Motion for Enlargement of Time (Docket # 79) filed by Defendant on September 3, 2014, seeking an extension of the August 24, 2014, deadline for the filing of its response brief to "Plaintiff's Motion to Strike Statement in Defendant's Reply" (Docket # 75).[1] Defendant simply states in its cursory motion that "[d]ue to a calendaring error, the deadline was missed." (Mot. for Enlargement of Time ¶ 2.)

"A motion filed before the deadline may be granted 'for good cause,' a motion made after the time has expired may be granted only if 'the party failed to act because of excusable neglect.'" *Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) (quoting Fed. R. Civ. P. 6(b)(1)).

Errors in calendaring deadlines can, but do not necessarily, constitute good cause or excusable neglect for missing deadlines. *Compare Ruiz v. Carmeuse Lime, Inc.*, No. 2:10-cv-21, 2011 WL 3290376, at *1 (N.D. Ind. July 14, 2011) (finding excusable neglect for missing a response deadline due to an inadvertent calendaring error where attorney attached an affidavit explaining how the error occurred), *and Boctking v. United States*, No. 3:10-cv-10, 2010 WL

---

[1] Defendant also filed the untimely response brief via a separate docket entry on September 3, 2014. (Docket # 80.)

2265310, at *2 (S.D. Ind. June 2, 2010) (finding good cause to set aside a default where a calendaring error led defendant to believe it had one more month to file an answer), *with Sherman v. Quinn*, 668 F.3d 421, 426 (7th Cir. 2012) (holding that a simple miscalculation of time did not constitute excusable neglect for missing a deadline to file a notice of appeal), *and Stevens v. Cont'l Mobile Tel. Co.*, No. 95 C 3841, 1996 WL 328021, at *3 (N.D. Ill. June 11, 1996) ("Failure to docket a date correctly is a careless or negligent mistake that fails to demonstrate good cause." (citations omitted)).

Here, Defendant's conclusory statement, standing alone, is insufficient to establish either good cause or excusable neglect. *See, e.g.*, *Hartford v. Schindler Elevator Corp.*, No. 1:09-cv-132, 2011 WL 6026114, at *1-2 (N.D. Ind. Dec. 1, 2011) (denying plaintiff's motion for leave to file a belated response where it did not explain its untimeliness, and thus, failed to establish good cause and excusable neglect). Defendant does not attempt to explain how or why the calendaring error occurred, when the error was discovered, or what steps it took to correct the error. *Cf. Ruiz*, 2011 WL 3290376, at *1.

Consequently, Defendant's Motion for an Enlargement of Time (Docket # 79) is DENIED. The Clerk is DIRECTED to show Defendant's "Response to Motion to Strike Statement" (Docket # 80) as STRICKEN.

SO ORDERED.

Entered this 3rd day of September, 2014.

                                                     s/Roger B. Cosbey
                                                    Magistrate Judge
                                                    United States District Court